**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHOOLMATIE GEETA TULSHI,

           Appellant,

      v.

CENLAR, FSB,

           Appellee.

Civil Action No. 24-9649 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Appellant Phoolmatie Geeta Tulshi's ("Debtor") appeal from the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") denial of Debtor's Motion for Reconsideration, dated September 12, 2024 (the "Bankruptcy Court's Order"). (ECF No. 1; *see also* Bankr. ECF No. 83[1].) Debtor filed a brief in support of her appeal (ECF No. 6), Cenlar, FSB ("Appellee") opposed (ECF No. 8), and Debtor replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the Bankruptcy Court's Order.

## I.    BACKGROUND

    In March 2023, Debtor filed a voluntary Chapter 13 petition with the Bankruptcy Court, seeking a loan modification of a mortgage on her property in Monroe, New Jersey. (Debtor's Moving Br. 1, ECF No. 6.) Appellee, a secured creditor, offered Debtor a loan modification plan

---

[1] Citations to the bankruptcy docket refer to the Chapter 13 bankruptcy petition, No. 23-11627, unless otherwise specified.

(the "Plan"). (*Id.*; Appellee's Opp'n Br. 4, ECF No. 8.) To accept the Plan, Debtor was required to sign "[o]ne (1) copy of all documentation included in the [loan modification acceptance] package." (Debtor's App. 56, ECF No. 6-1.) The acceptance package included three documents that required Debtor's attention: (1) the loan modification agreement (*id.* at 61-72); (2) the promissory note (*id.* at 73-74); and (3) the partial claim mortgage agreement for the deferred balance on the existing mortgage (*id.* at 75-78). The Plan further specified that Debtor had until July 26, 2023 to file a motion for Bankruptcy Court approval and return signed copies of the three documents included in the acceptance package to Appellee. (*Id.* at 56.) To ensure Debtor's compliance, the acceptance package warned her that "[f]ailure to sign, notarize, and return the corrected final modification package may result in [the] offer being withdrawn." (*Id.* at 57.)

On July 20, 2023, Debtor filed a motion with the Bankruptcy Court to approve the Plan. (Debtor's Moving Br. at 1; *see generally* Debtor's Application for Approval of Mortgage Modification, Bankr. ECF. No. 46.) The Bankruptcy Court subsequently granted that motion on August 4, 2023 (the "August 2023 Order"). (*Id.*) After the Bankruptcy Court approved the Plan, Debtor made monthly mortgage payments under the Plan and returned a signed copy of the loan modification agreement to Appellee. (*Id.*; Appellee's Opp'n Br. 6.) Debtor, however, did not return signed copies of the promissory note and the partial claim mortgage. (*Id.*; *see also* Appellee's Opp'n Br. 6.) On August 31, 2023, Debtor filed her Amended Chapter 13 plan with the Bankruptcy Court ("Chapter 13 Plan"). (Debtor's Moving Br. 1-2; *see generally* Debtor's Chapter 13 Plan and Motions, Bankr. ECF No. 49.) The Bankruptcy Court accepted the Chapter 13 Plan on December 13, 2023. (*Id.*) Debtor continued making payments to Appellee under the Chapter 13 Plan, but still did not return executed copies of the promissory note and partial claim mortgage. (*Id.*; *see also* Appellee's Opp'n Br. 7.)

On June 20, 2024, Appellee filed a motion to vacate the August 2023 Order because "[a]ll efforts were exhausted by Appellee to obtain the required documents from [Debtor] to complete the loan modification and the offer had expired." (Appellee's Opp'n Br. 8; *see generally* Appellee's Motion to Vacate, Bankr. ECF No. 66.) The Bankruptcy Court denied[2] that motion on August 14, 2024, finding that "[Debtor] failed to accept the . . . [Plan] offered by [Appellee] on or about June 24, 2023." (Order Denying Mot. Vacating Prior Court Order 2.) In response, Debtor filed a motion for reconsideration of the order denying Appellee's motion to vacate on August 28, 2024. (Debtor's Moving Br. 3.) The Bankruptcy Court denied Debtor's motion on September 12, 2024, and Debtor subsequently filed this timely appeal. (*Id.* at 3; *see also* Bankr. ECF No. 83.)

---

[2] The parties both noted that the Bankruptcy Court's Order is confusing. (Debtor's Moving Br. 2, 6; *see also* Appellee's Opp'n Br. 10.) It is labeled as "[o]rder [d]enying [m]otion [v]acating [p]rior [c]ourt [o]rder [e]ntered on August 4, 2023," and as such, dismisses Appellee's motion without prejudice. (*See* Order Denying Mot. Vacating Prior Court Order 1, Bankr. ECF No. 73.) The Order also directs Debtor to "complete and submit to [Appellee] a mortgage loan modification package within 14 days," effectively granting Appellee's Motion. (*Id.* at 2.) The Bankruptcy Court transcript from its August 14th hearing reveals, however, that this was purposefully done to avoid the need for Debtor to file a third amended plan with the Trustee. (Debtor's App. 127:4-23.) Judge Kaplan noted during the August 14th hearing the following:

> If I deny the motion to vacate or if I grant the motion to vacate the loan, the loss mitigation efforts, what's going to happen is the Trustee is going to require an amended plan. You're going to file an amended plan which is going to call for a new loss mitigation effort and we're going to be back where we are submitting a new package.
>
> . . . .
>
> And I'm going to require in the order, in denying the motion to vacate, that the lender consider the application. That's all I can do. If the lender denies the loss mitigation application, then we're back to square one, but we'll at least know where we stand.

(*Id.* at 127:4-28:5.)

II.    <u>**LEGAL STANDARDS**</u>

A.    **Standard of Review**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions is "determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Legal conclusions of the bankruptcy court are subject to de novo or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Comparatively, findings of fact are not set aside unless "clearly erroneous." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

B.    **Motion for Reconsideration**

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) allows such motions. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). A party may raise a motion for reconsideration in three limited circumstances: (1) where an intervening change in controlling law has taken place; (2) where a party learns of new evidence that was unavailable before the court issued its opinion; or (3) where the court itself overlooked material facts or arguments that the parties had properly brought to its

attention. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions

for reconsideration are used sparingly to "correct manifest errors of law or fact or to present newly

discovered evidence," not to relitigate stale matters or raise new arguments. *See Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161

F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is reviewed for an abuse of

discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "[A]n abuse of discretion exists

where the district court's decision rests upon a clearly erroneous finding of fact, an errant

conclusion of law, or an improper application of law to fact." *In re Integrated Telecom Express,*

*Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (alteration in original) (internal citations omitted).[3]

### III.    DISCUSSION

The sole issue raised by Debtor is whether the Bankruptcy Court erred in denying Debtor's

motion for reconsideration of its prior order denying Debtor's motion to vacate the August 2023

---

[3] Debtor correctly notes that, "[a]lthough the appropriate standard of review for a motion to reconsider is generally whether the district court abused its discretion, if the court's denial was based upon the interpretation and application of a legal precept, review is plenary." (Debtor's Moving Br. 4); *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). Here, however, the Bankruptcy Court's denial of Debtor's motion for reconsideration was not based solely upon the application of a legal precept. Rather, the Bankruptcy Court denied Debtor's motion because it determined that Debtor failed to accept the Plan. (Debtor's App. 167:17-22.) Indeed, the Bankruptcy Court properly acknowledged that "the [Bankruptcy] Court is not involved with the loan modification process, other than simply authorizing a debtor to enter into an agreement," and as such, made a factual determination concerning Debtor's compliance with the narrow terms of the Plan. (*Id.* at 168:13-15.) Where reviewing courts are compelled "to marshal and weigh evidence, make credibility judgments, and otherwise address . . . 'multifarious, fleeting, special, narrow facts that utterly resist generalization' . . . courts should usually review a decision with deference." *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 396 (2018). Because the Bankruptcy Court made a specialized factual determination regarding Debtor's acceptance of the Plan, the Court is satisfied that the appropriate standard of review here is abuse of discretion.

Order.[4] (Debtor's Moving Br. 4.) Debtor contends that the Court should reverse the Bankruptcy Court's Order because it erred in finding that the Plan was not accepted. (*Id.* at 6.) Debtor argues that she accepted the Plan because she: (1) signed and returned the loan modification agreement; and (2) made monthly modified mortgage payments. (*Id.*) In response, Appellee argues that the Bankruptcy Court's Order was proper because Debtor failed to accept the Plan and did not present any new law or facts to justify the motion for reconsideration. (Appellee's Opp'n Br. 11-28.) For the reasons set forth below, the Court affirms the Bankruptcy Court's Order.

A loan agreement is essentially a contract between a creditor and a borrower. *Wiener v. Bank of King of Prussia*, 358 F. Supp. 684, 690 (E.D. Pa. 1973). To prove the existence of a valid contract in New Jersey, "a party must show that: (1) there was a meeting of the minds; (2) there was an offer and acceptance; (3) there was consideration; and (4) there was certainty in the terms of the agreement."[5] *Harkes v. The Accessory Corp.*, No. 09-2556, 2010 WL 919616, at *3 (D.N.J. Mar. 10, 2010) (citation modified). A contract is not binding unless there is acceptance of the party's offer. *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992). A contract is binding, therefore, only if acceptance is absolute and matches the terms of the offer. *Big M, Inc. v. Dryden*

---

[4] Debtor raises seven legal arguments on appeal. (*See* Debtor's Moving Br. 7-18.) Reviewing courts are not required, however, to address every argument that a litigant makes. *In re Ellingsworth Residential Cmty. Ass'n Inc.*, 125 F.4th 1365, 1381 (11th Cir. 2025). The court only has an obligation to address dispositive arguments. *Id.* Moreover, Debtor's appellate arguments seek to relitigate previously considered issues and raise new ones that were not considered by the Bankruptcy Court. "A motion for reconsideration, however, does not entitle a party to a second bite at the apple [and] is not an opportunity to raise matters that could have been raised before the original decision was reached." *Anello Fence, LLC v. VCA Sons, Inc.*, No. 13-3074, 2019 WL 4894562, at *1 (D.N.J. Oct. 3, 2019). Accordingly, the Court declines to consider Debtor's other arguments and focuses solely on the inquiry raised on appeal—whether the Bankruptcy Court erred in denying Debtor's motion for reconsideration.

[5] The parties do not dispute that New Jersey law governs the Plan. (*See generally* Debtor's Moving Br.; Appellee's Opp'n Br.)

*Advisory Grp.*, No. 08-3567, 2009 WL 1905106, at *14 (D.N.J. June 30, 2009) (quoting *State v. Ernst & Young, L.L.P.*, 902 A.2d 338, 345 (N.J. Super. Ct. App. Div. 2006)).

In this matter, Appellee offered Debtor the Plan, but Debtor failed to accept the Plan because the promissory note and partial mortgage were not signed and returned. To accept the Plan, Debtor was required to sign and return the three loan modification documents: (1) loan modification agreement (Debtor's App. 61-72); (2) promissory note (*id.* at 73-74); and (3) partial claim mortgage agreement (*id.* at 75-78). "Acceptance of a contract must be absolute and unequivocal." *Scott Jordan Int'l, Inc. v. Lexmark Carpet Mills, Inc.*, No. 22-6551, 2023 WL 5353172, at *4 (D.N.J. Aug. 21, 2023). Before a binding contract arises, "the offeree must perform all acts designated by his offeror as consideration for the latter's promise." *Genevese v. Martin-Marietta Corp.*, 312 F. Supp. 1186, 1190 (E.D. Pa. 1969). Although Debtor did return a signed copy of the loan modification agreement, she failed to return signed copies of the promissory note and the partial claim mortgage. (*See* Appellee's Opp'n Br. 6; Debtor's App. 15-26, 56-83.) As the Bankruptcy Court Judge made clear, "[t]he [Bankruptcy] Court is not involved with the loan modification process, other than simply authorizing a debtor to enter into an agreement, which was done. But it's up to the debtor to comply with all the requirements of the agreement." (Debtor's App. 168.) Despite this affirmative responsibility, Debtor simply failed to meet the obligations required to accept the Plan before the offer expired on July 26, 2023. (*See* Appellee's Opp'n Br. 6.) Because Debtor failed to sign and return all three of the required documents on or before July 26, 2023, she failed to accept the Plan. *See generally Wilmington Sav. Fund Soc'y, FSB ex rel. Residential Credit Opportunities Tr. v. Minchello*, No. A-3522-21, 2023 WL 8520315 (N.J. Super. Ct. App. Div. Dec. 8, 2023), *certification denied*, 257 N.J. 509 (2024) (denying defendants a permanent loan modification plan because they failed to perform in accordance with the terms

of the offer); *Arias v. Elite Mortg. Grp.*, 108 A.3d 21, 24 (N.J. Super. Ct. App. Div. 2015) (finding that a "bank promised to give plaintiffs a loan modification, *if and only if* plaintiffs complied fully and timely with their obligations under the [plan]"); 29 NJPRAC § 2.14A ("Of paramount importance to a mortgagor, therefore, when seeking a modification, no matter what type, is that he or she comply with all of the lender's modification requirements both before and during the modification process.").

Undeterred, Debtor nevertheless argues that timely compliance with the Plan was stymied by slow responses from Appellee's counsel, Appellee's communications with Debtor herself (instead of Debtor's counsel), and Debtor's sudden illness. (Debtor's Moving Br. 8-9; *see also* Debtor's Reply Br. 2-4, ECF No. 9; Debtor's App. 126-27.) Those arguments, however, are meritless. Appellee made several attempts to obtain the missing documents (i.e., promissory note and partial claim mortgage) from Debtor, such that Debtor was properly aware of her failure to formally accept the Plan. (*See* Debtor's App. 85, 102-110; Debtor's Moving Br. 8.) Appellee sent the promissory note and partial claim mortgage directly to Debtor's home address several times and was met with no response. (Debtor's App. 85.) Furthermore, Debtor was aware of the missing requirements since at least December 2023, and Appellee communicated with Debtor about these documents many times thereafter. (Debtor's Moving Br. 8; *see also* Debtor's App. 102-10.) Debtor was thus given ample time to either accept the original loan modification or respond to one of Appellee's many attempts to contact her regarding the deficiencies.

Even if this Court were to find that Debtor accepted the Plan, Debtor's appeal still fails. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp.*, 779 F.2d at 909. "Accordingly, a judgment [or order] may be altered or amended if the party seeking reconsideration shows at least one of the

following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to vacate]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In Debtor's motion for reconsideration, she did not offer any new evidence or raise an error of law to support her motion. (*See* Debtor's Moving Br. 7-19.) Instead, Debtor simply rehashed variations of arguments already made before the Bankruptcy Court. (*Id.*; *see generally* Debtor's Mot. to Reconsider, Bankr. ECF No. 75.) A motion for reconsideration "constitutes an extremely limited procedural vehicle, and does not provide the parties with an opportunity for a second bite at the apple, nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." *Grant v. Revera Inc./Revera Health Sys.*, No. 12-5857, 2015 WL 794992, at *2 (D.N.J. Feb. 24, 2015) (internal citations omitted). The Bankruptcy Court was in possession of the relevant information, including the Plan, and made an informed decision after a hearing where both parties presented legal arguments. (*See* Debtor's App. 161-69.) As Debtor is unable to show any manifest errors of law or fact in the Bankruptcy Court's decision or present any new evidence, the Bankruptcy Court did not abuse its discretion in denying her motion for reconsideration.

IV.   **<u>CONCLUSION</u>**

For the reasons set forth above, the Court affirms the Bankruptcy Court's Order denying Debtor's motion for reconsideration. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/29/25

10