**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>PHOOLMATIE GEETA TULSHI,<br><br>        Debtor.<br><br>_____<br><br>PHOOLMATIE GEETA TULSHI,<br><br>        Appellant,<br><br>        v.<br><br>CENLAR, FSB,<br><br>        Appellee. | Civil Action No. 24-9649 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Appellant Phoolmatie Geeta Tulshi's ("Appellant") Motion for Reconsideration (ECF No. 12) of the Court's Order and accompanying Memorandum Opinion denying Appellant's appeal from the Bankruptcy Court's Order (the "Appeal") (ECF Nos. 10, 11), filed pursuant to Federal Rules of Civil Procedure 59(e), and 60(b), and Local Civil Rule 7.1(i). Appellee Cenlar, FSB ("Appellee") opposed Appellant's Motion. (ECF No. 14.) Appellant filed supplemental correspondence (ECF No. 15) and Appellee filed supplemental correspondence in response (ECF No. 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, Appellant's Motion for Reconsideration is denied.

## I.    BACKGROUND

On August 31, 2025, the Court entered an Order and accompanying Memorandum Opinion (the "2025 Opinion") denying Appellant's Appeal from the United States Bankruptcy Court for the District of New Jersey. (Order, ECF No. 11; Mem. Op. ECF No. 10.)[1] On September 26, 2025, Appellant filed the instant Motion for Reconsideration. (Appellant's Mot. for Recons., ECF No. 12, at *1.)[2] Appellee opposed. (Appellee's Opp'n Br., ECF No. 14.) Thereafter, Appellant filed supplemental correspondence (Appellant's Suppl., ECF No. 15) and Appellee filed correspondence in response (Appellee's Suppl., ECF No. 16).

## II.    LEGAL STANDARD

### A.    Rule 60

Rule 60 of the Federal Rules of Civil Procedure[3] allows a court to provide litigants relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence[,]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), as well as "inadvertence, surprise, or excusable neglect[,]" Fed. R. Civ. P. 60(b)(1). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted); *see also Kock v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition that the finality of judgments is a sound principle that

---

[1] This Court detailed the facts and procedural history of this case in the 2025 Opinion and directs the parties to that Opinion for a detailed recitation of both. (*See* Mem. Op. 1-3.)

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

should not lightly be cast aside" (citation modified)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.* (quoting *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999).

### B.    Rule 59(e)

Rule 59 permits a "motion to alter or amend a judgment" which "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] judgment[, accordingly,] may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (first alteration in original)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011) (citation modified).

### C.    Local Civil Rule 7.1(i)

Although "the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v.*

*Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party may raise a motion for reconsideration in three limited circumstances: (1) where an intervening change in controlling law has taken place; (2) where a party learns of new evidence that was unavailable before the court issued its opinion; or (3) where the court itself overlooked material facts or arguments that the parties had properly brought to its attention. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for reconsideration are used sparingly to "correct manifest errors of law or fact or to present newly discovered evidence[,]" not to relitigate stale matters or raise new arguments. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is reviewed for an abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "[A]n abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (alteration in original) (citations omitted).

## III.    DISCUSSION

Appellant requests that this Court: (1) grant Appellant's Motion for Reconsideration; (2) vacate its prior order denying the bankruptcy appeal; (3) clarify that both the Loan Modification Order (August 4, 2023) and the Order confirming the Amended Chapter 13 Plan (August 31, 2023) are binding under Section 1327(a); (4) reverse or remand the Bankruptcy Court's Order on Appellee's Motion to Vacate as premised on legal and factual error; and (5) grant such other relief that it deems just and proper. (Appellant's Moving Br. *8, ECF No. 12.)

In support of her motion, Appellant first argues that in its decision affirming the Bankruptcy Court's Order, this Court overlooked the fact that Appellant's Confirmed Amended Chapter 13

Plan (the "Plan") expressly incorporated the Loan Modification Agreement and that Appellee accepted payments pursuant to the Loan Modification Agreement as incorporated in the Plan. (*Id.* at *4-8.) Appellant contends that by treating the Plan as independently "signed," the Court disregarded undisputed record evidence and mischaracterized the binding relationship between the two Orders. (*Id.* at *4-5.)

Second, Appellant argues that this Court's denial conflicts with 11 U.S.C. § 1327(a), which "provides that a confirmed plan binds the debtor and all creditors." (*Id.* at *5.) Appellant contends that the decision also "ignores the binding effect of the Loan Modification Order, which was never appealed or vacated, and which Appellee accepted through its conduct." (*Id.*)

Appellee argues in response that regardless of whether there was a confirmed plan based upon a loan modification or an Order authorizing such a modification, "Appellant failed to accept the terms of the offered loan modification." (Appellee's Opp'n Br. 2.) Appellee, moreover, contends that the facts and the law presented by Appellant "have already been considered by the Court and rejected." (*Id.*)

In Appellant's Supplemental Correspondence, Appellant contends that she and her husband recorded and executed a partial claim mortgage, that was signed on August 14, 2024, and recorded on August 21, 2024. (Appellant's Suppl.) In response, Appellee argues that the partial claim mortgage was recorded in error because the offered loan modification was rescinded prior to the August 14, 2024, date. (Appellee's Suppl.)

The Court denies Appellant's motion for reconsideration for substantially the same reasons it denied Appellant's appeal as outlined in the 2025 Opinion. (Mem. Op. 5-10.) While Appellant's supplemental correspondence presents evidence not previously included in the record—evidence of a partial claim mortgage signed by Appellant and her spouse that was subsequently recorded—

such evidence does not change the Court's previous reasoning. This Court and the Bankruptcy Court already found that Appellant *did not* accept the Loan Modification Agreement. To accept the Loan Modification Agreement, Appellant was required to sign and return the Loan Modification Agreement, promissory note, and partial mortgage "before the offer expired on July 26, 2023." (Mem. Op. 7; Appellant's App. 56, 61-78, 167:17-168:17, ECF No. 6-1). The initial documents informing Appellant of what she needed to do to accept the Loan Modification Agreement, moreover, explicitly warned that "[f]ailure to sign, notarize, and return the corrected final modification package may result in [the] offer being withdrawn." (Appellant's App. at 57.)

While Appellant now presents evidence of the partial mortgage being signed and recorded, (*see* Appellant's Suppl.), Appellant failed to return the signed promissory note prior to the July 26, 2023, deadline, and therefore did not timely accept the Loan Modification Agreement (Appellant's App. 61-74). There was, accordingly, no valid loan modification. (*See* Mem. Op. 6-9);[4] *see generally Wilmington Sav. Fund Soc'y FSB ex rel. Residential Credit Opportunities Tr. v. Minchello*, No. A-3522-21, 2023 WL 8520315, at *5-6 (N.J. Super. Ct. App. Div. Dec. 8, 2023) (denying defendants a permanent loan modification plan because they "failed to perform in accordance with the terms of the offer"), *cert. denied*, 314 A.3d 1265 (N.J. 2024); *Arias v. Elite Mortg. Grp.*, 108 A.3d 21, 24 (N.J. Super. Ct. App. Div. 2015) (finding that a "bank promised to

---

[4] This Court and the Bankruptcy Court previously dealt with this issue, and Appellant's discovery of the partial claim mortgage does not change either court's decision. The Bankruptcy Court denied Appellant's motion because it determined that Appellant failed to properly and timely accept the Loan Modification Agreement. (Appellant's App. 167:17-168:2.) Indeed, the Bankruptcy Court acknowledged that "the [Bankruptcy] Court is not involved with the loan modification process, other than simply authorizing a debtor to enter into an agreement," and as such, made a factual determination concerning Appellant's non-compliance with the narrow terms of the Loan Modification Agreement. (*Id.* at 168:13-17.) This Court already found that the Bankruptcy Court did not abuse its discretion in making such a determination. (Mem. Op. at 9.)

6

give plaintiffs a loan modification, *if and only if* plaintiffs complied fully and timely with their obligations under the [loan modification]" (emphasis in original)); 29 N.J. Prac. § 2.14A ("Of paramount importance to a mortgagor . . . when seeking a modification, no matter what type, is that he or she comply with all of the lender's modification requirements both before and during the modification process.").

Appellant's newly raised argument that the Plan somehow superseded or negated the fact that Appellant failed to accept the offered Loan Modification Agreement, is incorrect. *See Arias*, 108 A.3d at 24. Appellant was, instead, authorized to accept the Loan Modification Agreement that was offered, as contemplated by the Plan, but failed to do so. (*See* Appellant's App. 43-49, 167:17-22; Mem. Op. 7-8.) The Confirmation Order explicitly provides that the underlying bankruptcy proceeding could be dismissed "if [Appellant] should fail to make plan payments or fail to comply with other [P]lan provisions." (Appellant's App. 49.) Appellant then failed to comply with the Plan provisions, specifically the provisions related to properly accepting the Loan Modification Agreement as discussed above.

The Court therefore finds that Appellant failed to show any manifest errors of law or fact in the Court's previous decision. The Court also finds that the newly raised evidence presented by Appellant does not change the Court's previous conclusion, and thus reconsideration is not warranted. *Bonilla v. City of Allentown*, No. 14-5212, 2019 WL 1748498, at *4 (E.D. Pa. Apr. 19, 2019) ("Because the 'new evidence' would not have changed the Court's conclusion, there is no need to grant reconsideration on this basis."); *Avila v. Aramark Corp.*, No. 10-326, 2011 WL 124643, at *4 (D.N.J. Jan. 14, 2011) (finding, among other things, that because "'new' evidence would not result in a different conclusion . . . reconsideration is unwarranted"); *United States v. McBroom*, No. 21-97, 2024 WL 3377924, at *1 (W.D. Pa. July 11, 2024) (denying defendant's

motion for reconsideration because, among other things, "the new evidence itself does not present grounds for reconsideration").

## IV.    CONCLUSION

For the reasons set forth herein, Appellant's Motion for Reconsideration is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: APRIL 17th, 2026

8